Rachael BISHOP, et al., Plaintiffs,

v.

FIRST MISSISSIPPI FINANCIAL GROUP, INC., et al., Defendants

No. CIV.A.4:03 CV 81LN.

United States District Court, S.D. Mississippi, Eastern Division.

April 8, 2004.

---

Carlton W. Reeves, Pigott, Reeves, Johnson & Minor, P.A., Jackson, MS, for Plaintiffs.

Alfred E. Hill, Buckatunna, MS, pro se.

Sheila D. Hill, Buckatunna, MS, pro se.

Arthur F. Jernigan, Jr., Watson & Jernigan, P.A., Suzette F. Breland, Young, Williams, Henderson & Fuselier, Charles E. Griffin, Griffin & Associates, Randy L. Dean, Walter D. Willson, Wells, Marble & Hurst, Jackson, MS, John R. Chiles, Scott A. Boykin, Burr & Forman, LLP, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, Chief Judge.

There is pending before the court at this time (1) a motion by plaintiffs to remand, (2) a motion by the "Lender Defendants"[1] for order deeming requests for admission admitted and for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure, and (3) a motion by the "Insurance Defendants"[2] pursuant to Rule 37 to deny remand and to dismiss the claims of certain plaintiffs for failure to comply with discovery. Having considered defendants' submission and arguments on the latter two motions, to which no plaintiff has responded, the court first concludes that plaintiffs' motion to remand should be denied due to the failure of plaintiffs to respond to defendants' written discovery requests, including in particular requests for admissions. The court further concludes that the claims of certain plaintiffs, identified *infra*, should be dismissed for their wholesale lack of participation in discovery, and most particularly, for their failure to appear for their properly noticed depositions.

Eighty-six plaintiffs, all Mississippi residents, filed this lawsuit in the Circuit Court

---

1. The Lender Defendants are CitiFinancial, Inc., First Family Financial Services, Inc., Kentucky Finance Company, Inc., Citigroup Inc., CitiFinancial Credit Company, Associates Corporation of North America, Associates First Capitol Corporation and Associates Financial Services of Mississippi.

2. The Insurance Defendants are American Bankers Insurance Company of Florida and American Bankers Life Assurance Company of Florida.

of Wayne County, Mississippi on December 31, 2002 complaining of alleged predatory lending practices by defendants. Although one of the named defendants, First Mississippi Financial Group, Inc. (First Mississippi), is a Mississippi corporation, defendants removed the case to this court claiming that First Mississippi had been fraudulently joined and/or misjoined to defeat diversity.[3] Following removal, plaintiffs, through their then counsel, moved to remand. In response to the motion, defendants sought, and were granted, a period of remand-related discovery and were likewise granted an extension of the due date for their response to the motion to remand. Defendants thus promptly propounded to plaintiffs interrogatories and requests for admissions and noticed the depositions of all plaintiffs. Some of the plaintiffs appeared for their scheduled depositions, but many did not, and none of the plaintiffs responded to the requests for admissions or interrogatories.

Shortly following the August 15, 2003 expiration date for remand-related discovery, plaintiffs' attorney moved to withdraw as counsel. That motion was granted, and plaintiffs were given sixty days to obtain new counsel, during which time the case was stayed. Thereafter, on December 16, the court ordered that inasmuch as no plaintiff had notified the court that he/she had obtained counsel, the case would proceed with plaintiffs representing themselves, and the court contemporaneously extended the deadline for completing remand-related discovery to March 12, 2004. Soon thereafter, defendants re-noticed the depositions of those plaintiffs who had not previously be deposed, yet only one plaintiff, Oscar Blakely, appeared for his scheduled deposition.

On March 15, 2004, the Lender Defendants filed their motion for order deeming requests for admission admitted and for sanctions pursuant to Rule 37, following which the Insurance Defendants filed their motion to deny remand and to dismiss the claims of certain plaintiffs for failure to comply with discovery.

■■■■ Federal Rule of Civil Procedure 36 governs requests for admissions, and provides, in pertinent part, as follows:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.

. . .

Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.* (Emphasis added).

Defendants' Request for Admission No. 4 propounded to plaintiffs in this cause asked that each plaintiff "admit that you had no personal dealings with First Mississippi." Plaintiffs failed to answer or object to this request for admission and are thus deemed to have admitted that none of them had any dealings with First Mississippi. There is nothing in the complaint to indicate the basis for any claim against First Mississippi, and that fact, coupled with plaintiffs' admission that they had no dealings with this defendant, lead the court to conclude that this defendant has been fraudulently joined, as contended in the notice of removal, and that the motion to remand should therefore be denied.[4]

---

**3.** Plaintiffs alleged in the complaint that First Family Financial Services, Inc. is a Mississippi corporation, but defendants state in their notice of removal, and plaintiffs do not contend otherwise in their motion to remand, this defendant was in fact a Delaware corporation. This court has confronted this precise issue in numerous cases and has determined that during the relevant time period, First Family was a Delaware corporation.

**4.** The court notes, moreover, that the court would in any event be warranted in denying the motion to remand in view of plaintiffs' additional failure to respond to the interrogatories pro-

■ In addition to their request that the motion to remand be denied, defendants argue that the case should be dismissed in its entirety based on the failure of all plaintiffs to respond to written discovery requests, or alternatively, that the court should at least dismiss the claims of those plaintiffs who not only have failed to respond to written discovery but have also failed to appear for their properly noticed depositions. As indicated *supra,* some of the plaintiffs did appear for their depositions, as scheduled, and as to those plaintiffs, the court rejects defendants' request for dismissal. Although these plaintiffs did not provide their responses to written discovery, defendants have had the opportunity to depose them and do not claim to have been prejudiced in the least as a consequence of not having the benefit of their written discovery responses.

■ As for the remaining plaintiffs, however, the court agrees that dismissal is in order.[5] Rule 37(d) provides as follows:

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.** If a party ... fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule... In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

pounded by defendants as part of the remand-related discovery allowed by the court.

5. The following plaintiffs are reported by defendants to have failed to appear for their depositions: Sammy Blakely, Daniel Ray Blakely, Carey Bruner, Johnny Ray Cooley, Louella Cooley, Clarence E. Daniels, Willie Ree Daniels, Tujuana Frost, Juanita Gandy, Will Gandy, Betty M. Gandy, Lawrence Hayes, Jr., Wanda Ann Hayes, Zanetia Henry, Claude Jordan, Hubert Jordan,

Fed. R. Civ. Proc. 37(d). Subparagraph (C) of subdivision (b)(2) authorizes

[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof,* or rendering a judgment by default against the disobedient party[.] (Emphasis added).

*Id.* 37(b)(2)(C) (emphasis added). The plaintiffs at issue failed to appear for their depositions and have not responded to defendants' motions and have not otherwise offered any explanation for their failure to appear for their properly scheduled depositions or suggested any reason why their claims ought not be dismissed in light of their failure to so appear.

Therefore, based on the foregoing, it is ordered that plaintiffs' motion to remand is denied; defendants' motion to dismiss the claims of all plaintiffs is denied; but their motion to dismiss the claims of the plaintiffs identified in note 5, *supra,* is granted.

Lashondia Jordan, Randy D. Jordan, Mittie Johnson, Charlotte Lewis, Rosie Lee Mason, Lee McDougle, Leona McDougle, Leonoriale McDougle, Richard E. McFarland, Travis McFarland, Clyde McGill, Julie McGill, Curtis Norsworthy, Michael Norsworthy, Regina Orange, Verta Patton, Jemetrices Patton, Lashawndralyn Rogers, Karl A. Rogers, Venessa J. Roscoe, Shelia O. Starr, Frankie Lee Strawbridge, Tony Williamson and Lucille Wimbley.